**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRAKSA**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO.    07-80912 |
| | ) | |
| John B Robertson | ) | |
| Jane E Robertson | ) | |
| | ) | **CHAPTER 13 PLAN** |
| Debtor(s). | ) | |

## 1. PAYMENTS

The Debtor(s) submit to the Standing Chapter 13 Trustee all projected disposable income to be received
within the first three (3) years (up to 5 years, if specified) of the plan as follows:

| No. of monthly pmts. made to date: | | | | | Total paid to date: | $0 |
|---|---|---|---|---|---|---|
| | | | | Pmt. Amt | start date: | |
| A. Payment(s) | 1 | to | 60 | $1,280 | 06/06/07 | $76,800 |
| B. Payment(s) | | to | | | | |
| C. Payment(s) | | to | | | | $0 |
| D. Payment(s) | | to | | | | $0 |
| | | | | | Base amount: | $76,800 |

The payment shall be withheld from the Debtor's paycheck:    Yes:    X    No:

Employee's name whose payroll is deducted:    Debtor:    Co-Debtor:    Jane E. Robertson

Employer's name, address, city, state, phone:    BW Insurance - Payroll Dept., 401 Lennon Lane, Walnut Creek, CA 94598

Special notes: 1) Debtors have student loan debt that has been co-signed for their son and is currently deferred until he finished school.

2) Debtors' plan payment reflects the special adjustment to B22C for debtor John Robertson's fluctuating substitute teaching income.

| Amended Plan Notes (if applicable): | N/A | |
|---|---|---|
| Debtor is paid: | Co-debtor is paid: | bi-weekly |

**NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE
PROTECTION PAYMENTS OR LEASE PAYMENTS.  IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR
MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER CHECK UNTIL THEIR EMPLOYER DEDUCTION
BEGINS.  IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING
OF THE PETITION.  THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THEIR EMPLOY DEDUCTION BEGINS.**

## 2. ORDER OF PAYMENT OF CLAIMS

Trustee fees shall be deducted from each payment made by the Debtor(s) to the Trustee.  Claims shall be paid in the following order:
1) 11 U.S.C. 1326(a)(1)(B) & C pre-confirmation payments for adequate protection or leases of personal property; 2) payments to secured
creditors under 11 U.S.C. 1335(a)(5), payments due on executory contracts, the Debtor's attorney fees, 11 U.S.C. 507(a)(1)(A) priority
domestic support claims and approved Chapter 7 Trustee compensation, 3) Other administrative expense under 11 U.S.C. 503;
4) Other priority claims in the order specified in 11 U.S.C. 507(a); 5) Co-signed consumer debts; 6) General unsecured claims.  Unless
otherwise noted, claims within each class shall be paid pro-rata.

## 3. 11 U.S.C. 1326(a) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS AND LEASE PAYMENTS

The following pre-confirmation adequate protection payments on claims secured by personal property, pre-confirmation lease payments
for leases of personal property and co-signed debts shall be paid by the Trustee to the below listed creditors without entry of an order of the Court.
The Debtor proposing pre-confirmation payments will immediately commence plan payments to the Trustee.  Creditors must file a proof of claim
to receive payment.  Payments by the Trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless
the Trustee does not have funds available within 7 working days prior to the end of the 30 day period.  Post-confirmation payments are
provided for below in Paragraphs 6 and 7 of this plan.

| Creditor's Name and Full Address | Last Four Digits of Account Number | | Date of Next Payment Due | Payment Amount |
|---|---|---|---|---|
| Hyundai Motor Finance Company, 10550 Talbert Ave., Fountain Valley, CA 92708 | | | 6/15/07 | $309 |
| Sid Dillon Leasing, PO Box 625, Fremont, NE 68025 | | | 6/19/07 | $330 |
| | | | | |
| | | | | |
| | | | | |

## 4. ADMINISTRATIVE CLAIMS

Trustee fees shall be deducted from each payment disbursed by the Trustee.

Nebraska Rule of Bankruptcy Procedure 2016(A)(4) and Appendix "O" provide that a request for allowance of Chapter 13 Attorney fees not
exceeding $1,800 and cost not exceeding $200 may be included in a Chapter 13 Plan.  Total fees or costs in excess of this amount must be
approved through a separate fee application.  Fees and costs requested for allowance are as follows:

| Total Fees Requested | Fees Received Prior to Filing | Balance of Fees to be Paid in Plan |
|---|---|---|
| $1,800.00 | $0.00 | $1,800.00 |
| Total Costs Requested | Costs Received Prior to Filing | Balance of Costs to be Paid in Plan |
| $200.00 | $0.00 | $200.00 |

**ATTORNEY FEES AND COSTS ALLOWED SHALL BE PAID PRIOR TO PAYMENT OF SECURED CLAIMS LISTED IN PARAGRAPH NUMBER 6.**

*5. PRIORITY CLAIMS*
11 U.S.C. 1322(a) provides that all claims entitled to priority under 11 U.S.C. 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for priority claims under 11 U.S.C. 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

      **A) Domestic Support Obligations:**
          1)       X      None. If none, skip to Priority Taxes.
          2)      The name(s), address(es) and phone number(s) of the holder of ANY domestic support obligation as defined in 11 U.S.C. 101(14A):

***DEBTOR***

| Name | Address, City and State | Zip Code | Telephone |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

***CO-DEBTOR***

| Name | Address, City and State | Zip Code | Telephone |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

          3) The debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan.

      **B) Arrearages owed to Domestic Support Obligation holders under 11 U.S.C. 507(a)(1)(A):**

          1)       X      None. If none, skip to subparagraph C below.
          2) Name of holder of Domestic Support Obligation Arrearage Claim, estimated arrears & monthly payment.

***DEBTOR***

| Name of Creditor | Estimated Arrearage Claim | Interest rate, if any | Monthly payment on arrearage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

***CO-DEBTOR***

| Name of Creditor | Estimated Arrearage Claim | Interest rate, if any | Monthly payment on arrearage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

      **C) Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. 507(a)(1)(B):**

          1)       X      None. If none, skip to Priority Tax Claims.
          2) Name of Creditor, estimated arrearage claim and any special payment provisions:

***DEBTOR***

| Name of Creditor | Estimated Arrearage Claim | Provision for Payment | Interest rate, if any | # of months | Payment amt, if any |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

***CO-DEBTOR***

| Name of Creditor | Estimated Arrearage Claim | Provision for Payment | Interest rate, if any | # of months | Payment amt, if any |
|---|---|---|---|---|---|
|  | $0.00 |  | 0.00% | 60 | $0.00 |
|  | $0.00 |  | 0.00% | 60 | $0.00 |

| Federal: | $0.00 | State: | $0.00 | Other: |  | $0.00 | Total: | $0.00 |
|---|---|---|---|---|---|---|---|---|

      **E) Chapter 7 Trustee Compensation allowed under 1326(b)(3):**

| Amount Allowed | Monthly Payment (Greater of $25 or 5% of Monthly Payment to unsecured creditors) |
|---|---|
| $0.00 | $0.00 |

      **F) Other Priority Claims:**                                        Amount:      $0.00

## 6. SECURED CLAIMS

### A) Home Mortgage Claims (including claims secured by real property which the debtor intends to retain)

Unless otherwise provided in this plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due beginning with the first due date after the case is filed. Any pre-petition arrearage shall be paid through this Chapter 13 Plan with interest as provided below and in equal monthly payments as specified above. The amount of arrears is determined by the proof of claim, subject to the right of the debtor to object to the amount set forth in the claim.

**\* ALL SECURED CREDITORS LISTED IN PARAGRAPH 6 SHALL BE PAID ON A PRO-RATA BASIS IN EQUAL MONTHLY PAYMENTS, AFTER ATTORNEY FEES AND COSTS LISTED IN PARAGRAPH 4 HAVE BEEN PAID IN FULL.**

Description or address of property:      6037 N. 110th Circle, Omaha, NE 68164

| Name of Creditor | | | Amount to be paid through plan | Category & Claim treatment (SEE BELOW) | Pre-confirmation Interest Rate & Maximum dollar amt. Limit, if any | Post-confirmation interest rate | Monthly payment amount | ESTIMATED Total Payments plus interest |
|---|---|---|---|---|---|---|---|---|
| M & I Home Lending | | | $0.00 | HM1 | 7.50% | 7.50% | * | $0.00 |
| Homecomings Financial | | | $0.00 | HM1 | 10.38% | 10.38% | * | $0.00 |
| | | | $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | | $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | | $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | | $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | Totals: | $0.00 | | | | | $0.00 |

Category & claim treatment key:

| | | |
|---|---|---|
| | HM1 | Mortgage arrears (Pay only arrears through plan. Debtor to make post petition payments directly) |
| | HM2 | Mortgage balance (Pay mortgage in full through the plan. No direct payments to creditor outside plan) |
| HM = Home Mortgage | HM3 | Real estate taxes (Pay claim in full (pre-petition amount only). Post-petition taxes to be paid directly by debtor. |
| | HM4 | Judicial lien (Pay amount listed above through plan. No direct payment to creditor outside of plan) |
| | | Remaining unsecured portion of claim, if any, to be treated pursuant to paragraph 9 below. |

### B) Post-Confirmation Payments to Creditors Secured by Personal Property

Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (1) and (2). If the debtor elects a different method of payment, such provision is set forth in subparagraph (3).

#### 1) Secured Claims to which 11 U.S.C. 506 Valuation is NOT applicable:

Claims listed in this subsection are debts secured by a purchase money security interest in a personal motor vehicle, incurred within 910 days of filing of the bankruptcy OR debts secured by a purchase money security interest in "any other thing of value," incurred within one year prior to filing of the bankruptcy. These claims will be paid, with interest, pursuant to the Category & Claim Treatment specified below:

**\* ALL SECURED CREDITORS LISTED IN PARAGRAPH 6 SHALL BE PAID ON A PRO-RATA BASIS IN EQUAL MONTHLY PAYMENTS, AFTER ATTORNEY FEES AND COSTS LISTED IN PARAGRAPH 4 HAVE BEEN PAID IN FULL**

| Name of Creditor | Property Description | | | FIRST LINE: fair market value of property SECOND LINE: Est. claim amt | Category & Claim treatment (SEE BELOW) | Pre-confirmation Interest Rate & Maximum dollar amt. Limit, if any | Post-confirmation interest rate | Monthly payment amount | ESTIMATED Total Payments plus interest |
|---|---|---|---|---|---|---|---|---|---|
| | | | | $0.00 $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 $0.00 | | 0.00% | 0.00% | * | $0.00 |
| | | | | | | | Totals: | | $0.00 |

Category & claim treatment key:      PM1      Claim amount paid in full in equal monthly payments.

PM = Purchase Money

**2) Secured Claims to which 11 U.S.C. 506 Valuation is applicable:**

Claims listed in this subsection are debts secured by personal property not described in the prior paragraph of this plan, 6(B)(1). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below and in equal monthly payments as specified below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured. The value of the secured property is determined by the proof of claim, subject to the right of the debtor to object to such valuation.

**\*  ALL SECURED CREDITORS LISTED IN PARAGRAPH 6 SHALL BE PAID ON A PRO-RATA BASIS IN EQUAL MONTHLY PAYMENTS, AFTER ATTORNEY FEES AND COSTS LISTED IN PARAGRAPH 4 HAVE BEEN PAID IN FULL.**

| Name of Creditor | Property Description | | | FIRST LINE: fair market value of property SECOND LINE: Est. claim amt | Category & Claim treatment (SEE BELOW) | Pre-confirmation Interest Rate & Maximum dollar amt. Limit, if any | Post-confirmation interest rate | Monthly payment amount | ESTIMATED Total Payments plus interest |
|---|---|---|---|---|---|---|---|---|---|
| | | | | $0.00 | | | | | |
| | | | | $0.00 | | 0.00% | 0.00% | \* | $0.00 |
| | | | | $0.00 | | | | | |
| | | | | $0.00 | | 0.00% | 0.00% | \* | $0.00 |
| | | | | $0.00 | | | | | |
| | | | | $0.00 | | 0.00% | 0.00% | \* | $0.00 |
| | | | | $0.00 | | | | | |
| | | | | $0.00 | | 0.00% | 0.00% | \* | $0.00 |
| | | | | $0.00 | | | | | |
| | | | | $0.00 | | 0.00% | 0.00% | \* | $0.00 |
| | | | | $0.00 | | | | | |
| | | | | $0.00 | | 0.00% | 0.00% | \* | $0.00 |
| | | | | | | | Totals: | | $0.00 |

Category & claim treatment key:     SC1     Creditor to be paid fair market value of the described property or claim amount, whichever is less. In the event the fair market value is paid, the balance of the debt shall be treated as a general unsecured claim.

SC = Secured Claim

**2) Other provisions:**

**C) Surrender of Property**

**1)**     CLAIMS IN WHICH 11 U.S.C. 506 APPLIES:

The Debtor surrenders any interest in the following collateral. Any secured claim filed by the below creditors will be deemed satisfied in full through surrender of the collateral. Any unseucred deficiency claim must be filed by the bar date for claims or allowed by separate order of the Court.

| Collateral to be surrendered | Name of Creditor |
|---|---|
| | |
| | |

**2)**     CLAIMS IN WHICH 11 U.S.C. 506 DOES NOT APPLY (See hanging paragraph off of 11 U.S.C. 1325(9))

The Debtor surrenders any interest in the following collateral and the entirety of the creditor's will be deemed satisfied in full through surrender of the collateral. NO FURTHER AMOUNTS WILL BE PAID TO THE FOLLOWING CREDITORS:

| Collateral to be surrendered | Name of Creditor |
|---|---|
| | |
| | |

**D) Lien Avoidance**
The Debtor shall file a Motion to Avoid the lien of the following creditor(s):

| Name of Creditor | Amount owed | Property upon which debtor will seek to avoid lien |
|---|---|---|
| | $0.00 | 0 |
| | $0.00 | |
| | $0.00 | |

**7.  EXECUTORY CONTRACTS / LEASES**
      A) The Debtor rejects the following executory contracts:

| Name of Creditor | Property subject to executory contract |
|---|---|
| | |
| | |
| | |

B) The Debtor assumes the executory contract / lease referenced below and provides for the regular contract / lease payment to be included in the Chapter 13 Plan.  Any pre-petition arrearage will be cured in monthly payments as noted below:

| Name of Creditor | Property subject to executory contract / lease | Estimated Arrearages on contract as of date of filing | Monthly payment to be made on contract arrearage | Regular number of contract payments remaining as of the date of filing | Amount of regular contract payment | Due date of regular contract payment | Total Payments (arrears + regular contract payments) |
|---|---|---|---|---|---|---|---|
| Hyundai Motor Finance Co. | 2005 Hyundai Santa Fe | $0.00 | $0.00 | 15 | $309.00 | 6/15/07 | $4,889.24 |
| Sid Dillon Leasing | 2004 GMC Envoy | $0.00 | $0.00 | 32 | $330.00 | 6/19/07 | $11,139.24 |
| | | $0.00 | $0.00 | | $0.00 | | $0.00 |

## 8. CO-SIGNED UNSECURED DEBTS

A) The following co-signed debts shall be paid in full at the contract rate of interest from petition date.

| Name of Creditor | Estimated Amount Due | Contract Rate of Interest | Total Due |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## 9. UNSECURED CLAIMS

The unsecured creditors shall be classified pursuant to Bankruptcy Code Sec. 1322(b)(1) in the following manner:

Unsecured creditor class 1:
    Description/treatment of sub-class:

Name:  N/A                          Claim:                Int. rate:              Total:
Name:  N/A                          Claim:                Int. rate:              Total:
Name:  N/A                          Claim:                Int. rate:              Total:

Unsecured creditor class 2:
    All remaining allowed unsecured claims shall be paid prorata of all remaining funds.

## 10. ADDITIONAL PROVISIONS

A) If there are no resistances / objections to confirmation or approval of this plan or after all objections are resolved, the Court may confirm the plan without further hearing.

B) Property of the estate, including the Debtor's current and future income, shall revest in the Debtor at the time a discharge is issued, and the Debtor shall have sole right to use and possession of property of the estate during pendency of this case.

C) In order to obtain distributions under the plan, a creditor must file a proof of claim within ninety (90) days after the first date set for the Meeting of Creditors except as provided in 11 U.S.C. 502(b)(9).  Claims filed after this bar date shall be disallowed except as provided in Bankruptcy Rule 3002.

D) Other provisions, if any:

Dated:      05/08/07  .

BY: /s/ Micaela M. Brandt
    Micaela M. Brandt #23147
    John Turco Law Offices
    2580 South 90th St.
    Omaha, NE  68124
    (402) 933-8600
    Attorney for Debtor(s)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO:    07-80912 |
| | ) | |
| John B Robertson | ) | CHAPTER 13 |
| Jane E Robertson          , | ) | |
| | ) | |
| Debtor(s). | ) | |

### NOTICE OF FILING
### CHAPTER 13 PLAN
### AND NOTICE OF TIME FOR FILING RESISTANCES/OBJECTIONS

TO:  All Creditors and Interested Parties:

You are hereby notified that the Debtor(s) herein has (have) filed a CHAPTER 13 PLAN, a copy of which is attached hereto.

**You are further notified that any resistance to the Plan must be filed no later than fourteen days after the 'Meeting of Creditors'.  Creditors will receive the 'First Meeting Notice' with the specific date for filing a resistance to the Plan from the Clerk of the Bankruptcy Court,    111 South 18th Plz., Ste 1125, Omaha, Nebraska, 68102-1321                    .**

A copy of said resistance shall be served upon the undersigned Attorney.  If no resistances are filed, then the Plan shall be approved without further hearing.  If a timely resistance or request for hearing is filed and served, the Clerk of the Bankruptcy Court will schedule a hearing upon the resistance with not less than eleven (11) days notice.  All hearings shall be held in the Bankruptcy Courtroom at the address listed above.

All objections/resistances shall set forth the specific factual and legal basis for  the objection/resistance and conclude with the particular request for relief.  If an objection/ resistance is filed without the specific factual and legal basis included, the matter will be submitted to the Judge without a hearing.

Dated:        5/8/2007

John B Robertson
Jane E Robertson

Debtor(s)

By: */s/ Micaela M. Brandt*                          
Micaela M. Brandt #23147
John Turco Law Offices
2580 South 90th Street
Omaha, Nebraska  68124-2050
Voice: (402) 933-8600
Fax:     (402) 934-2848
Attorney for Debtor(s)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:          )     CASE NO:  07-80912
                               )
John B Robertson            )     CHAPTER 13
Jane E Robertson      ,     )
                               )
           Debtor(s).     )

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the described documents:

1)                            CHAPTER 13 PLAN                         ,

2)                            NOTICE OF FILING

                            CHAPTER 13 PLAN

     AND NOTICE OF TIME FOR FILING RESISTANCES/OBJECTIONS

were mailed via U.S. Mail, postage prepaid, on      5/8/2007   , to all creditors and parties in interest
listed on Exhibit "A" attached hereto.

                         */s/ Micaela M. Brandt*
                         Micaela M. Brandt #23147
                         John Turco Law Offices
                         2580 South 90th Street
                         Omaha, Nebraska  68124-2050
                         Voice:  (402) 933-8600
                         Fax:    (402) 934-2848

Account Solutions Group LLC
PO Box 628
Buffalo, NY 14240-0628

Advanta
c/o Federated Financial Corp of America
Po box 2034
Farmington, MI 48333-2034

Amer Family
6000 American Py
Madison, WI 53783

American Express
c/o GC Services Ltd Partnership
Collection Agency Division
6330 Gulfton
Houston, TX 77081

Arrow Financial Services
c/o Pioneer Credit Recovery Inc
26 Edward St
Arcade, NY 14009

Arrow Financial Services LLC
5996 W Touhy Ave.
Niles, IL 60714

Bank Of America
Po Box 1598
Norfolk, VA 23501

Beneficial/household Finance
Po Box 1547
Chesapeake, VA 23327

Brumbaugh and Quandahl
Attorneys at Law
4885 S. 118th St., Ste 100
Omaha, NE 68137

Cap One Bk
Po Box 85520
Richmond, VA 23285

Cbc/aes/nct
1200 N 7th St
Harrisburg, PA 17102

Chase
800 Brooksedge Blvd
Westerville, OH 43081

Christopher D. Curzon
8712 West Dodge Rd. 400
Omaha, NE 68114

Citibank
Po Box 6241
Sioux Falls, SD 57117

Credit Solutions
15601 Dallas Parkway  700
Addison, TX 75001

Dennis E. Henry
Attorney at Law
1655 Enterprise Way
Marietta, GA 30067

Dennis P. Lee
4610 S. 133rd St. Ste. 103
Omaha, NE 68137

Department of Education
Office of General Counsel
400 Maryland Avenue SW, Room 4083
Washington, DC 20202

Discover Fin
Pob 15316
Wilmington, DE 19850

Douglas County Attorney
428 Hall of Justice
Omaha, NE 68183

Douglas County Treasurer
HO3 Civic Center
1819 Farnam Street
Omaha, NE 68183-0003

ER Solutions, Inc
P.O. Box 9004
Renton, WA 98057

GMAC
Po Box 2150
Greeley, CO 80632-2150

Home Comings Financial
2711 N Haskell Ave. Sw 1
Dallas, TX 75204

Hsbc Nv
Pob 98706
Las Vegas, NV 89193

Hsbc Nv
Po Box 19360
Portland, OR 97280

Hyundai Motor Finance Company
10550 Talbert Avenue
Fountain Valley, CA 92708

J.C. Christensen and Associates Inc.
PO Box 519
Sauk Rapids, MN 56379

John and Jane Robertson
6037 N. 110th Circle
Omaha, NE 68164

Kathleen A. Laughlin (ECF)
Chapter 13 Trustee
13930 Gold Circle, Ste 201
Omaha, NE 68144

M I Home Lending
1901 Bell Ave Ste 15
Des Moines, IA 50315

Mann Bracken, LLC
One Paces West
2727 Paces Ferry Road, Suite 1400
Atlanta, GA 30339

Margaret McDevitt
Attorneys at Law
4885 S. 118th St., Ste 100
Omaha, NE 68137

Nelnet Lns
Po Box 1649
Denver, CO 80201

Office of Post Secondary Education
Dept of Education
50 Beale St. Suite 8600
San Francisco, CA 94105-1863

Patricia Dugan Fahey
US Trustee (ECF Only)

RMS
4836 Brecksville Road
PO Box 539
Richfield, OH 44286

Sid Dillon Leasing
Po box 625
Fremont, NE 68025

TSYS Total Debt Mgmt, Inc.
PO Box 6700
Norcross, GA 30091-6700

U S Bank
101 5th St E Ste A
Saint Paul, MN 55101

US  Department of Education
Direct Loan Servicing Center
PO Box 5609
Greenville, TX 75403-5609

US Attorneys Office
1620 Dodge St.  400
Omaha, NE 68102

Us Bank Hogan Loc
Po Box 5227
Cincinnati, OH 45201

Wffinancial
3109 No 108th
Omaha, NE 68164

Younkers
PO Box 60122
City Of Industry, CA 91716-0122

Zwicker  Associates, P.C.
Attorneys at Law
800 Federal Street
Andover, MA 01810-1041